IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROCHELLE E. ROYCE,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Commissioner of Social
Security,

    Defendant.

Case No. 3:13-cv-01490-AA
OPINION AND ORDER

AIKEN, Chief Judge:

    This action is brought pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income. For the reasons below, the Commissioner's decision is REVERSED and REMANDED for further proceedings.

## Background

    On September 25, 2009, Plaintiff filed for disability insurance and supplemental security income benefits alleging an onset disability date of November 15, 2005. The claims were denied initially and upon reconsideration. After requesting a hearing, Plaintiff and her mother testified before an Administrative Law Judge (ALJ). Shortly thereafter, the ALJ issued a written decision

1 – OPINION AND ORDER

finding that Plaintiff was not disabled as of the alleged onset date. Plaintiff sought review from the Appeals Counsel, which denied the request for review. Plaintiff then sought judicial review from this Court to review the Commissioner's final decision.

Plaintiff was twenty years old as of the disability onset date and twenty-six years old as of the date of the ALJ's written decision. Plaintiff completed her GED and has had some higher education, which consists of a completed Associates of Arts and Letters and a nearly completed Associates of Science and Business degree. Plaintiff has one child, age eight at the time of the hearing, for whom she is the primary caretaker. At least one day a week, Plaintiff's mother also cares for the child. Plaintiff claims disability from a combination of mental impairments including mental bipolar disorder, anxiety, panic attacks, depression, and auditory and visual hallucinations. Plaintiff also claims physical impairments such as gastroesophical reflux disease and knee problems.

## Standard of Review

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

## Discussion

Plaintiff identified four errors by the ALJ: 1) failing to find Plaintiff's hallucinations as a severe impairment; 2) failing to give germane reasons for rejecting Plaintiff's mother's statement; 3) improperly discounting Plaintiff's credibility; and 4) failing to properly evaluate Dr. Dean's medical opinion. Plaintiff contends that her testimony and Dr. Dean's opinion should be credited as true, thus requiring a remand for payment of benefits. The Commissioner concedes that the ALJ's decision as to Plaintiff's hallucinations and her mother's statement are not supported by substantial evidence and requires remand. The Commissioner also concedes that some of the reasons provided to question Plaintiff's credibility and to dismiss Dr. Dean's opinion are erroneous. However, the Commissioner argues that, overall, the ALJ's decision as to these issues is supported by legally sufficient reasons and that this Court should remand for further administrative proceedings due to unresolved issues that preclude a finding of disability.

### I. The ALJ's Evaluation of Plaintiff's Credibility

Once a claimant produces medical evidence of an impairment, the Commissioner may discredit the claimant's testimony as to the severity of symptoms only with clear and convincing reasons. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). In making these determinations the ALJ is allowed to use ordinary techniques used in the evaluation of credibility. *Molina v.*

3 – OPINION AND ORDER

*Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). For example, "[i]f a claimant is able to spend a substantial part of [her] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations." *Morgan v. Comm'r. of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). The ALJ may also consider inconsistent or unexplained claimant testimony, failure to follow a course of treatment or recommendations of doctors, evidence of self-limiting behaviors, and a claimant's work history. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002); *see Molina*, 674 F.3d at 1112.

  The ALJ provided several reasons for his adverse finding of Plaintiff's credibility. Among these are: 1) inconsistencies between her allegations and her hearing testimony; 2) the course of treatment provided and her use of such treatment; and 3) the lack of evidence in the record to support the functional limitations claimed. The record supports the ALJ's finding that Plaintiff made several statements at the hearing that are inconsistent with her allegations of disability. For example, Plaintiff testified that while she searches for employment, she has a hard time because she reaches a "dead-end" in finding something that works with her transportation issues. Tr. 45. She further testified that she recently applied for jobs close to her home, but that these places were not hiring. *Id.* Finally, she testified that while she was limited in what she could do, she left her last job because she "wanted to go to college" and that she "always just [got] too stressed out when [she] kept going through job after job so [she] just decided [she] would go to school and do something different." Tr. 46. Plaintiff later testified that she did not want these jobs and believed she could not perform the jobs she applied for because she needed

4 – OPINION AND ORDER

to deal with her issues functioning around people, taking care of her child more, and that she was not ready for a job. Tr. 56.

Other statements relating to her schooling were also inconsistent. On one occasion Plaintiff testified that she "just [did] school at home... that's all I ever did." Tr. 48. However, later Plaintiff stated that she always sat "front and center" in her classes and her testimony clearly indicated she travelled to school to attend class. Tr. 57. On another occasion, Plaintiff testified that she dropped out of George Fox University because of automobile reliability issues. Tr. 58. However, later Plaintiff stated that even with a reliable car she may not wish to return because of her child's daycare needs and because she would like to go with her mother and keep with her mother's schedule. Tr. 59. Finally, despite stating she dropped out of community college because of her hospitalization, tr. 47, she told a doctor during an assessment that she dropped out due to financial reasons. Tr. 444.

The ALJ also noted that the record does not show Plaintiff gave a good faith effort to achieve an improvement in her condition. The ALJ noted that Plaintiff's doctors advised her to stop smoking marijuana and drinking alcohol because these substances could have an adverse effect on her mental condition or cause side-effects with her medications. Tr. 371, 387, 400, 460-63, 601. While at times she agreed to stop, tr. 371, other times she has refused. Tr. 387, 460, 601, 605. Further, Plaintiff testified that she doesn't use marijuana on a regular basis and that she is not a heavy drinker. Tr. 49-50, 67-68. However, medical notes indicate fairly recent (including up to three months prior to the hearing date), continuous marijuana and alcohol use. Tr. 460, 463, 472, 557, 558, 563, 601, 605. Other instances of Plaintiff's failure to pursue treatment include

5 – OPINION AND ORDER

repeatedly cancelling appointments for therapy sessions, tr. 471-73 and failing to pursue options for her alleged deliberating knee pain. Tr. 45, 54, 55.

The ALJ also noted that Plaintiff's activities do not support the functional limitations that Plaintiff claims. To support this assertion, the ALJ relied on Plaintiff's school history, her caretaking activities, and her psychological testing. After completing her GED, Plaintiff attended community college for three years where she earned one associates degree, nearly earned another, and obtained a 3.62 GPA. Tr. 444. The ALJ noted that during this time, Plaintiff interacted with students and other people by sitting in class and working on group projects. Tr. 48, 57. While the Plaintiff testified she did not enjoy interacting with people and that she did not socialize outside of class, tr. 48, the ALJ did not err in finding that her activities and socialization within the classroom setting and her ability to earn a high GPA showed that she is capable of higher functionality and socialization than she claims.

The record reflects that Plaintiff also is able to cook, clean, do yard work, walk her son to the bus stop nearby their home and take care of her son in general. Tr. 51, 63-65, 262-65, 270, 272, 312, 314. While her mother accompanies her, Plaintiff shops at grocery stores and goes out in public for some events, such as her son's school festivals and Cub Scout events. Tr. 52, 76-77. Plaintiff even testified that, if she needed, she could go out in public alone but instead chooses to have her mother accompany her. Tr. 61-62, 72-73.

Finally, as noted by the ALJ, mental functional assessments from 2009 and 2010 also support the finding that Plaintiff has more functionality than she claims. In her 2009 assessment, she scored "not significantly limited" in all but four sections, with a final assessment stating she has an ability to perform simple tasks and remember simple instructions with limited public and

6 – OPINION AND ORDER

co-worker contact. Tr. 434-36. In 2010, she received nearly the same assessment stating that she was limited to short and simple tasks, that she does not require special supervision, and that she could have occasional public contact. Tr. 538.

In short, for the reasons above, the ALJ provided clear and convincing reasons supported by substantial evidence to discredit Plaintiff's credibility.

## II. The ALJ's Rejection of Dr. Dean's Opinion

Plaintiff next contends that the ALJ improperly rejected the opinion of Dr. Dean, an examining psychologist.

> The opinion of an examining physician is... entitled to greater weight than the opinion of a nonexamining physician. As is the case with the opinion of a treating physician, the Commissioner must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician[] [a]nd[,] like... a treating doctor, the opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons...supported by substantial evidence in the record.

*Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). While the opinion of a non-examining physician cannot by itself constitute specific and legitimate reasons for rejecting an examining physician's opinion, the non-examining physician's direct contradiction of the examining physician, along with substantial and consistent evidence in the record, may constitute specific and legitimate reasons for rejecting the examining physician's opinion. *Morgan*, 169 F.3d at 600. The ALJ gave weight to Dr. Anderson, a non-examining psychologist who contradicted Dr. Dean's findings regarding Plaintiff's limitations.

The ALJ pointed to two primary additional reasons for giving Dr. Dean's opinion little weight: 1) Dr. Dean's opinions were primarily based upon Plaintiff's subjective complaints rather than objective evidence; and 2) Plaintiff's demonstrated ability in going to school and

7 – OPINION AND ORDER

conduct her daily life undermined Dr. Dean's opinion. Using Plaintiff's self reports and a few objective tests such as the WAIS-III, Dr. Dean opined that Plaintiff, if placed in a new job position, would not only "fail to persist" in the position but that it will compound her fears and poor self-image. Tr. 452. Based upon this opinion, Dr. Dean recommended that she seek out social security benefits. *Id.* The ALJ noted that Dr. Dean's opinion was not based upon objective evidence given that, for example, Plaintiff's WAIS-III scores showed that she was within the average or above average range in every category except comprehension. Tr. 29, 447-48. The ALJ's finding is further supported by Dr. Dean's statements that Plaintiff's history and presenting symptoms were based upon her self report. Additionally, Dr. Dean stated Plaintiff's "average" full scale IQ was believed to be an accurate reflection of her abilities, thus detracting from his conclusions. Tr. 447-48. Plaintiff scored in the high average or average range in other tests, such as the WMS-III, indicating that she had a good ability to learn and remember, to read, to process stimuli and she showed strength in her attention span. Tr. 449. The ALJ also noted that Plaintiff has a history of successfully participating in school, receiving good grades, performing household chores, taking care of her child, and at least minimally socializing with the public. Thus, this Court finds that the ALJ did not error in rejecting the opinion of Dr. Dean because the ALJ provided legally sufficient reasons, supported by substantial evidence, to reject his opinion.

    Courts have upheld similar ALJ findings for similar reasons. In *Morgan*, the court held that the ALJ properly rejected the opinions of a treating psychiatrist and examining psychologist because substantial evidence supported the reasoning behind the ALJ's findings. *Morgan*, 169 F.3d at 602-03. The ALJ found that that the doctors' reports did not show how the claimant's

symptoms translated into specific functional deficits that precluded gainful employment; the reports were partially premised on the subjective complaints of the claimant; there were inconsistencies within the reports; and outside evidence reflected that the claimant had a demonstrated ability to work independently and be self-motivated. *Id.* at 601-02. As in this case, the ALJ in *Morgan* pointed to evidence, such as the claimant's responses to questions, that showed inconsistencies between what the treatment notes indicated and the final conclusions of the doctors, and that showed the subjective nature of the information obtained by the doctors. *Id.* The ALJ also pointed to evidence outside the report, like the claimant's maintenance of a garden, which substantiated the ALJ's finding that the claimant demonstrated an ability to work independently and be self-motivated. *Id.* at 602.

Like *Morgan*, here the ALJ found Dr. Dean's report was primarily based on Plaintiff's subjective reports of symptoms rather than objective evidence and that other evidence contradicted Dr. Dean's opinion. The ALJ cited evidence similar to that in *Morgan* to substantiate these findings by pointing to Plaintiff's schooling, her ability to do yard work and raise her child, and Plaintiff's WAIS-III test results. Thus, as in *Morgan*, here the ALJ's findings should be upheld because they constitute legally sufficient reasons, backed by substantial evidence, to reject Dr. Dean's opinion.

### III. Remand

A court has discretion to remand a case for further proceedings or for a finding of disability and an award of benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Remanding for an award of benefits is appropriate where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a

9 – OPINION AND ORDER

determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.*

While the Commissioner concedes the ALJ erred in certain aspects of his decision, remanding for benefits is not appropriate here because outstanding issues remain and the record does not clearly require a finding of disability. Thus, this case is remanded for further administrative proceedings.

## Conclusion

The ALJ's finding that Plaintiff is not disabled is not supported by substantial evidence in the record. Therefore, the Commissioner's decision is REVERSED and REMANDED for further proceedings to consider Plaintiff's impairments, evaluate lay witness testimony and further develop the record as necessary.

IT IS SO ORDERED

Dated this 26th day of September

Ann Aiken
U.S. District Judge

10 – OPINION AND ORDER